**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge Luis GARZA, also known as Guillermo Heurta–Sanchez, also known as Mono Renzo, Defendant–Appellant.**

**No. 03–20610. Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Oct. 19, 2004.

James Lee Turner, Assistant U.S. Attorney, John Richard Berry, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Larry Chris Iles, Rockport, TX, for Defendant–Appellant.

---

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

Jorge Luis Garza appeals his sentence imposed following his jury trial convictions for aiding and abetting and conspiracy to launder money and to distribute five or more kilograms of cocaine. Counsel for Garza has filed a motion seeking judicial notice of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The motion is GRANTED. Garza has separately filed a *pro se* motion, also seeking judicial notice of *Blakely.* Garza's *pro se* motion is DENIED. *See United States v. Ogbonna,* 184 F.3d 447, 449 & n. 1 (5th Cir.1999); *see also* 5TH CIR. R. 28.7.

Garza argues that the district court erred in granting the Government an extension of time *sua sponte* to lodge an untimely objection to the Presentence Report (PSR). The district court granted the Government leave to file the untimely objection based on the PSR's failure to assess a two-level kidnaping enhancement pursuant to U.S.S.G. § 3A1.3. The court rescheduled the sentencing hearing, noting that it was important that the PSR be correct and that Garza be provided with an opportunity to respond.

We review rulings on untimely objections under FED.R.CRIM.P. 32(i)(1)(D) for an abuse of discretion. *See United States v. Chung,* 261 F.3d 536, 539 (5th Cir.2001). Because the district court's ruling was sup-ported by an implicit finding of good cause, there was no abuse of discretion. *See id.*

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.